## WESTINGHOUSE ELECTRIC & MANUF'G CO. v. STANLEY.

### (Circuit Court, D. Massachusetts. January 22, 1895.)

### No. 350.

EQUITY PLEADING—SUFFICIENCY OF PLEA—SUIT FOR INFRINGEMENT OF PATENT.
A plea to a bill for infringement alleged that complainants, before securing the patent, "became and were fully advised" that the alleged inventor could not carry back his invention beyond a given date, and that an examiner in the patent office had found, "as was the fact," that the invention had been described in previous publications. *Held*, that the plea was bad, because it failed to allege directly that the inventor could not carry back his invention beyond the date named, and that the invention had been described in previous publications, but was couched in such language that a traverse would only deny that complainants "were advised," etc., and that the "examiner found," etc.

This was a bill by the Westinghouse Electric & Manufacturing Company against William Stanley, Jr., for infringement of a patent. Heard on a plea to the bill.

H. S. MacKaye, for complainant.
Samuel A. Duncan, for respondent.

CARPENTER, District Judge.    This is a bill in equity to enjoin an alleged infringement of letters patent No. 469,809, issued March 1, 1892, to the respondent, for improvements in systems of electrical distribution.    The respondent has filed a plea, which is now set down for hearing, and has been argued, in which he alleges that prior to the application for the patent the respondent had assigned the invention to the complainant, and that the application was prosecuted by the complainant; "that the assignment aforesaid was made without any special consideration therefor, but in pursuance of the provisions of a general contract entered into by and between this defendant and one George Westinghouse, Jr., under date of May 20, 1884, whereby this defendant obligated himself to assign to the said Westinghouse, or to such company as the said Westinghouse might organize (the Westinghouse Electric Company being the company contemplated by such contract), not only the patents relating to electrical engineering which he had already taken out in the United States, and the right to patent in the United States certain electrical inventions for which applications were then pending, but also the right for the United States in such inventions in electrical engineering as this defendant might thereafter make during the continuance of such contract, it being specially provided in such contract that the assignment of such future inventions—among which the invention covered by letters patent No. 469,809 is included —was to be without other or additional consideration,—that is, other than the general consideration named in said contract"; that an interference was declared between the application and the patent No. 368,936, "which had been granted on the same invention to one Marmaduke M. M. Slattery, under date of July 31, 1888"; that preliminary statements were filed by both parties, "and that by the said preliminary statement and the amendment thereto, as well as by the

various conferences in connection therewith which this defendant had with the attorneys and the officers of the said company, the said company and the officers thereof became and were fully advised that this defendant's date of invention could not be carried further back than the month of September, 1885, and in like manner, by the duly-verified preliminary statement filed in the said interference by the said Slattery, the said company became and was fully advised that the said Slattery could not carry his date of invention further back than the month of June, 1886"; that thereafter the Westinghouse Electric Company sent to Glasgow to negotiate with one Rankin Kennedy for the purchase of an invention claimed to have been made by said Rankin Kennedy, and that the said invention was the same as that described and claimed by the respondent in the aforesaid application; that the Westinghouse Company did, in fact, buy said invention, and filed an application, wholly at its own expense, for a United States patent therefor; that on or about January 2, 1889, and before said Kennedy's application had been acted on by the patent office examiner, the Westinghouse Electric Company called the attention of said examiner to certain publications of said Kennedy, published in London in 1883, with the object in view of establishing "for the said Kennedy an earlier date of invention than either this defendant or the said Slattery could prove in the said interference"; that afterwards, and when the examiner had rejected the Kennedy application, as anticipated by Slattery, "the said company, through its attorney, while not denying that the invention of the Kennedy application was the same as that of the Slattery patent on which it had been rejected, insisted that the invention was described in the said articles published by the said Kennedy in the year 1883, and therefore at a date which was earlier than any date which either the said Slattery or this defendant could assert or maintain; that on a review of the said articles the examiner having the matter in charge found officially, as was the fact, that the invention was fully described in the said articles, and that thereupon the examiner receded from his rejection of the said application, and allowed the same, the application going to a patent on the 16th day of July, 1889"; that the Westinghouse Electric Company, and subsequently complainant herein, took full charge of the prosecution of the interference above mentioned, and paid all expenses; that said interference was decided in favor of defendant's application, and the decision was confirmed on appeal by the commissioner; "that in rendering his decision to this effect the said commissioner of patents found upon the evidence in the whole case, as was the fact, that this defendant had not made the invention in question prior to the month of September, 1885, which was subsequent to the date at which it appeared by the facts then in possession of the patent office that the same invention had been made by the aforesaid Rankin Kennedy, and thereupon, in remanding the case to the examiner for further proceedings, in accordance with the established practice under the statute in such cases made and provided, the commissioner directed the examiner to consider carefully the aforesaid articles of

Rankin Kennedy, published in the year 1883, as well as various other printed publications published prior to the year 1885, with view to determining whether they did not anticipate whatever otherwise was patentable in the claims contained in the said application filed in the name of this defendant"; that it was thereupon, "as this defendant is informed and believes," the duty of the examiner to refuse Stanley's assignee a patent on the ground of anticipation by said references, but that nevertheless the examiner, in contravention of law, and ignoring his duty in the premises, did pass the Stanley application to issue; and that the complainant, by reason of the acts and knowledge aforesaid, was estopped from taking the patent, and that the prosecution of the application "with the full knowledge and belief * * * that the said Kennedy, and not this defendant, was the earlier inventor or discoverer of the said invention, was in violation of the statute, and contrary to equity, and that the patent thus obtained was wrongfully and fraudulently obtained, and was and is wholly null and void, and cannot be respected by a court of equity."

The question is as to the sufficiency of this plea. The allegation as to the consideration for the contract by which the invention was sold to the complainant does not seem to me to present any defense. It is, in effect, an allegation that the invention was sold to the complainant for a consideration. But the main contention of the argument for the respondent is that the plea is good, because it alleges that "the invention of the patent in suit was not made by Stanley until September, 1885, and yet the same invention had been described in printed publications in the year 1883." The sufficient answer to this argument is that the plea does not so allege with the directness and in the manner which is required in a plea. The allegation is that the company "became and were fully advised" that the Stanley invention dated no further back than September, 1885, and that the examiner found, "as was the fact," that the invention had been described in prior publications. There are not distinct allegations that the invention of Stanley was made not earlier than 1883, and that the invention had been earlier described. A traverse of the plea would only deny that the company was advised, and that the examiner found as stated in the plea. In other words, in order to reach the trial of the question whether the invention had been before described, and whether, accordingly, the patent is void, the respondent must deny the inferences, and not the allegations, of the plea. There is no single definitely stated issue, and so, as it seems to me, the plea is bad, and must be overruled.